

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**03/15/2012**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRYANT TURNER and | § | ADVERSARY NO. 10-3300 |
| WENDI JOHNSON TURNER, | § | |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| BRYANT TURNER and | § | |
| WENDI JOHNSON TURNER, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2825 |
| | § | |
| FIRST COMMUNITY CREDIT UNION, | § | |
| | § | |
| Appellee. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Appellants, Bryant Turner and Wendi Johnson Turner, appeal from the Judgment entered by the bankruptcy court on July 11, 2011, denying them actual damages and attorney's fees.  In a well reasoned Memorandum and Opinion Regarding Plaintiffs' Complaint for Turnover and Damages (Bankruptcy Docket Entry No. 49), the bankruptcy court found that First Community Credit Union committed three violations of the automatic stay, but that appellants failed to prove that they incurred any actual damages as a result of First Community's violations of the automatic stay.  Because appellants failed to prove any actual damages, the bankruptcy court declined to award them attorney's fees.  The bankruptcy court entered a

judgment that appellants take nothing.  (Bankruptcy Court Docket Entry No. 50)  Appellants argue on appeal that the bankruptcy court erred in failing to award them actual damages and attorney's fees.

A district court reviews a bankruptcy court's judgment under the same standard of review that a court of appeals applies to a district court judgment.  See 28 U.S.C. § 158(c)(2).  The court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact under a de novo standard of review.  Universal Seismic Assocs., Inc. v. Harris County (In re Universal Seismic Assocs., Inc.), 288 F.3d 205, 207 (5th Cir. 2002).

Having carefully considered the parties' arguments and the evidence before the bankruptcy court, the court concludes that the bankruptcy court's findings that appellants failed to prove any actual damages because of appellee's violations of the stay order are not clearly erroneous.

Appellants also argue that regardless of their entitlement to actual damages, they are entitled to recover attorney's fees because of appellee's violations of the stay order.  Appellants cite the court's opinion in Tom v. Countrywide Home Loans, Inc., Civil Action No. H-05-1232 (S.D. Tex. 2005), for the proposition that "once the debtor is injured by the creditor's violation of the stay, and that damages the debtor was entitled to recover arose from the filing and participation in the adversary proceeding,

-2-

attorney's fees reasonably necessary to bring that adversary action became a mandatory element of the debtor's damages." (Reply Brief for the Appellants, Docket Entry No. 14, p. 11) As the appellants' description of <u>Tom</u> opinion indicates, however, in that case the bankruptcy court not only found that Countrywide willfully violated the automatic stay, but also awarded Tom actual damages for the lost wages and the cost of filing the adversary proceeding. As the court explained at page 9 of its opinion in <u>Tom</u>:   "Once the bankruptcy court found that Tom was injured by Countrywide's violation of the automatic stay, and that the damages he was entitled to recover arose from filing and participating in the adversary proceeding, attorney's fees reasonably necessary to bring that adversary action became a mandatory element of Tom's damages." (Memorandum Opinion and Order at p. 9)   In this action, however, unlike in <u>Tom</u>, appellants failed to prove any actual damages. Bankruptcy courts in this circuit routinely hold that a debtor may not recover attorney's fees if he fails to prove actual damages from a violation of an automatic stay.   <u>In re Hill</u>, 19 B.R. 375, 379-380 (Bankr. N.D. Tex. 1982); <u>In re Still</u>, 117 B.R. 251, 254-255 (Bankr. E.D. Tex. 1990); <u>In re Martinez</u>, 281 B.R. 883, 886-887 (Bankr. W.D. Tex. 2002).   The bankruptcy court's decision in this case to deny attorney's fees to appellants was neither clearly erroneous nor an incorrect application of 11 U.S.C. § 362(k).

The court concludes that the bankruptcy court's findings that appellants failed to establish actual damages are not clearly erroneous and that the bankruptcy court did not err in declining to award attorney's fees to appellants.  Accordingly, the Judgment of the bankruptcy court will be affirmed.

**SIGNED** at Houston, Texas, on this 15th day of March, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE